**DOUGLAS A. LINDE, ESQ. (SBN 217584)(dal@lindelaw.net)**
**ERICA A. GONZALES, ESQ. (SBN 234922)(eag@lindelaw.net)**
**THE LINDE LAW FIRM**
**9000 Sunset Boulevard, Ste. 1260**
**Los Angeles, California 90069**
**(310) 203-9333; (310) 203-9233 FAX**

Attorneys for Plaintiff,
DENNIS MORRIS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MORRIS, LLC. | Case No. |
| Plaintiffs, | Complaint Filed: June 3, 2016 |
| v. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| RICHARD PRINCE, GAGOSIAN GALLERY, INC, and DOES 1 through 10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMES NOW, PLAINTIFF DENNIS MORRIS, LLC, ("Plaintiff" or "Morris") and complains of and alleges the following:

## **INTRODUCTION AND OVERVIEW**

1. This is a copyright infringement case, wherein Defendants, engaged in advertising activity, including but not limiting to, making, without authorization, posters, lithographs, paintings and other art featuring Plaintiff's copyright protected photograph, causing significant advertising injury to Plaintiff. Plaintiff seeks recovery

1

of all remedies available under law including but not limited to its damages and Defendants' profits.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a).

3. The claims asserted herein arose in this judicial district and all Defendants do business in this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and that this is the judicial district in which the defendant or his agent may be found.

5. This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq., seeking damages, attorneys' fees, preliminary and permanent injunctive relief, an accounting, as well as damages and other relief based upon other claims related to the misappropriation of Plaintiff's intellectual property.

## PARTIES

6. Plaintiff DENNIS MORRIS, LLC, is a corporation with its principal place of business in Los Angeles County, organized under the laws of the State of California.

7. Plaintiff is informed and believes and thereon alleges that RICHARD PRINCE, is a resident of the County of Albany, State of New York.

8. Plaintiff is informed and believes and thereon alleges that GAGOSIAN GALLERY, INC., is a corporation organized and existing under the laws of the State of New York, and may be found operating at 456 N Camden Drive, Beverly Hills, CA 90210, USA.

9. Plaintiff is informed and believes and thereon alleges that DOES 1 through 10, inclusive, created, assembled, distributed, manufactured and/or sold artwork bearing Plaintiff's copyrighted "Subject Images" (as hereinafter defined). The true names and

1  capacities, whether corporate, individual or otherwise, of the Defendant DOES 1
2  through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by
3  such fictitious names, and will ask leave to amend this Complaint to show their true
4  names and capacities when the same have been ascertained.   As used hereafter the term
5  Defendants shall mean and refer to RICHARD PRINCE, GAGOSIAN GALLERY,
6  INC., and DOES 1 through 10.
7  10.    Plaintiff is informed and believes and thereon alleges that at all times relevant
8  hereto, each of the Defendants, including without limitation the DOE Defendants, was
9  the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego
10 and/or employee of the remaining Defendants and was at all times acting within the
11 scope of such agency, affiliate, officer, director, manager, principal, partner, joint
12 venturer, alter-ego and/or employment relationship and actively participated in, or
13 subsequently ratified and adopted, or both, each and all of the acts or conduct alleged
14 herein, with full knowledge of all the facts and circumstances, including, but not limited
15 to, full knowledge of each and all of the violations of Plaintiff's rights and the damages
16 to Plaintiff proximately caused thereby.

## CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 ET SEQ.

(Against All Defendants and Each of Them)

11.    Plaintiff repeats, realleges and incorporates by reference in this paragraph the allegations contained in this Complaint as if fully set forth herein.

12.    Dennis Morris took the following original photograph of Sid Vicious, (hereinafter "Subject Image"), which contains materials wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States:

1
2
3
4
5
6
7
8
9
10



11
12   13.    The photo depicted in the above paragraph was created in Sweden, and
13 first published in the United Kingdom.  Therefore, pursuant to the Berne
14 Implementation Act of 1988, Plaintiff is exempt from the registration requirements of
15 17 U.S.C. 411.
16   14.    Dennis Morris assigned all rights to the photograph depicted in paragraph
17 12 to Plaintiff Dennis Morris, LLC.
18   15.    Plaintiff is informed and believes and thereon alleges that Defendant
19 Prince had access to the Subject Image, including without limitation, access through the
20 cover photo of David Dalton's book, El Sid, Saint Vicious, as set forth below:
21
22
23
24   
25
26
27
28

4

15. Defendant Prince was presented an autographed copy of said book from Malcom McLaren, as set forth below:



16. After accessing Plaintiff's work, Defendants wrongfully created copies of the copyrighted Subject Image without Plaintiff's consent and engaged in acts of affirmative and widespread self-promotion of the copies directed to the public at large by distributing said copies, falsely representing that the Subject Image was their own.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, further infringed Plaintiff's copyright by making derivative works from Plaintiff's copyrighted Subject Image, and/or by producing and distributing large scale reproductions incorporating those derivative works without Plaintiff's permission. Defendants then engaged in acts of affirmative and widespread self-promotion of the copies directed to the public at large by publicly claiming ownership rights in and to the derivative works based on the Subject Image that belong solely to Plaintiff.

18. Defendant Prince reproduced, distributed and displayed the Subject Image on the internet as follows:



19.     DEFENDANTS offered for sale, and in fact sold, the following untitled work:



21.     DEFENDANTS created and/or distributed other works utilizing the Subject Image and offered for sale, and in fact sold, other works utilizing the Subject Image, including over the internet and in Los Angeles County, California.

22.     Dennis Morris took the following original photographs of Sid Vicious, which contain materials wholly original with Mr. Morris and is copyrightable subject matter under the laws of the United States:

.

  

23. The country of origin of the photos depicted in the above paragraph is not the United States. Therefore, pursuant to the Berne Implementation Act of 1988, Plaintiff is exempt from the registration requirements of 17 U.S.C. 411.

24. Dennis Morris assigned all rights to the photographs depicted in paragraph 22 to Plaintiff Dennis Morris, LLC.

25. DEFENDANTS used Plaintiff's photographs, without authorization, of the Sex Pistols in their Covering Pollock series, an example of which is below:



26. Defendants' acts of copyright infringement and acts of affirmative and widespread self-promotion of the copies directed to the public at large, as alleged above, have caused Plaintiff to suffer, and to continue to suffer, substantial damage to its business in the form of diversion of trade, loss of income and profits, and a dilution of the value of her rights.

27. Further, as a direct result of the acts of copyright infringement and acts of affirmative and widespread self-promotion of the copies directed to the public at large alleged above, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's copyrighted Subject Image. Plaintiff is entitled to disgorgement of each Defendant's

profits directly and indirectly attributable to said Defendant's infringement of the Subject Image.

28.     DEFENDANTS created and/or distributed other works utilizing Plaintiff's images and offered for sale, and in fact sold, other works utilizing the Plaintiff's images, including over the internet and in Los Angeles County, California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

   1. That Defendants, and each of them, and their respective agents and servants be enjoined from infringing Plaintiff's copyright in any manner;

   2. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial;

   3. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

   4. That Plaintiff be awarded pre-judgment interest as allowed by law;

   5. That Plaintiff be awarded the costs of this action; and

   6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated: June 3, 2016              THE LINDE LAW FIRM

                                 By:_____
                                 Douglas A. Linde
                                 Erica Allen Gonzales
                                 Attorneys for Plaintiff,
                                 DENNIS MORRIS, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

Dated: June 3, 2016					THE LINDE LAW FIRM

							By:_____
							Douglas A. Linde
							Erica Allen Gonzales
							Attorneys for Plaintiff,
							DENNIS MORRIS, LLC